# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TRAKIA HOUDESHEL, | : | No. 3:16-CV-01481 |
| --- | --- | --- |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| NANCY A. BERRYHILL,[1] | : | (Magistrate Judge Saporito) |
| *Commissioner of the* | : | |
| *Social Security Administration* | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### September 29, 2017

Plaintiff, Trakia Houdeshel, filed a complaint on July 19, 2016, naming as Defendant Carolyn W. Colvin, then Acting Commissioner of the Social Security Administration.[2] Because the Plaintiff Houdeshel ("Plaintiff") sought judicial review of the Commissioner's ("Commissioner") final decision, this matter was referred to United States Magistrate Judge Joseph F. Saporito, Jr., for the preparation and recommended disposition under 28 U.S.C. § 636(b)(1)(B) and

---

[1] The Complaint (ECF No. 1) correctly named Carolyn W. Colvin as Defendant, as she was the Acting Commissioner of the Social Security Administration at the time it was filed. As of January 23, 2017, however, Nancy A. Berryhill is the Acting Commissioner of Social Security.

[2] *See* ECF No. 1. As mentioned in the previous footnote, Carolyn Colvin was Acting Commissioner of the Social Security Administration at the time Plaintiff's Complaint was filed. Now, however, Nancy A. Berryhill is the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill shall be substituted for Carolyn W. Colvin as the defendant in this suit.

Federal Rule of Civil Procedure 72(b). Because I write only for the parties, I will conserve judicial resources and not rehash Magistrate Judge Saporito's Report and Recommendation. Accordingly, the facts as stated in the Report and Recommendation shall be incorporated into this Memorandum Opinion.

Magistrate Judge Saporito's comprehensive disposition of August 4, 2017, ECF No. 14, recommended that the Commissioner's decision be affirmed, and that Plaintiff's request to be awarded benefits be denied.[3] Plaintiff subsequently filed objections to Magistrate Judge Saporito's Report and Recommendation, which shall be discussed below.[4]

Despite Plaintiff's objections, the Court finds the Report and Recommendation thorough and persuasive; it is adopted in full.

## I. LAW
### a. Standard of Review

When considering a social security appeal, the Court has plenary review of all legal issues decided by the Commissioner.[5] However, my review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence."[6] The factual findings of the Commissioner, "if supported by substantial evidence, shall be

---

[3] *See* ECF No. 14.
[4] *See* ECF No. 15.
[5] *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008).
[6] *Poulos*, 474 F.3d at 91.

conclusive. . . ."[7] "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8] Substantial evidence has been described as more than a mere scintilla of evidence but less than a preponderance.[9] "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] The United State Court of Appeals for the Third Circuit has stated:

> [O]ur decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence—particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.[11]

Therefore, a court reviewing the decision of the Commissioner must scrutinize the record as a whole.[12]

---

[7] 42 U.S.C. § 405(g).
[8] *Johnson*, 529 F.3d at 200 (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)) (internal quotations and citations omitted).
[9] *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).
[10] *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (citing *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citations omitted)).
[11] *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983); *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986)).
[12] *Id.* (citing *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)).

### b. Objections to a Report and Recommendation

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations."[13] Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[14] When such objections are filed timely, the District Court must conduct a *de novo* review of those portions of the report to which objections are made.[15] Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the District Court, and the Court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[16]

For portions of the Report and Recommendation to which no objection is made, the Court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[17] Regardless of whether timely objections are made by a party, the District Court

---

[13] 28 U.S.C. § 636(b)(1)(B).
[14] 28 U.S.C. § 636(b)(1).
[15] 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011)
[16] *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D. Pa. 2011) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).
[17] Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every Report and Recommendation)).

may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[18]

## II. DISCUSSION

Plaintiff objects to Magistrate Judge Saporito's Report and Recommendation on three grounds: (1) the Administrative Law Judge ("ALJ") erred in finding Plaintiff's multiple impairments as "non-severe";[19] (2) the ALJ weighed the medical opinion evidence improperly;[20] and (3) the ALJ's finding that Plaintiff was not credible was not supported by substantial evidence.[21] I shall discuss each of these claims, in turn.

First, Plaintiff contends that the ALJ failed to include Plaintiff's mild limitations in social functioning and concentration, persistence or pace in finding Plaintiff's residual functioning capacity ("RFC").[22] Plaintiff argues that the ALJ was required to consider these mental impairments regardless of their severity because "non-severe impairment[s] can put a disproportionately greater strain on a person who concurrently is suffering from a more severe affliction."[23] Plaintiff

---

[18] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[19] *See* ECF No. 15 at 1.
[20] *See id.* at 3.
[21] *See id.* at 4.
[22] *See* ECF No. 15 at 2.
[23] *Id.*

argues that in failing to include these mental impairments, the ALJ lacked substantial evidence in his step two findings.[24]

Contrary to Plaintiff's contention, the Magistrate Judge here found that the ALJ considered Plaintiff's mental impairments in addition to her severe impairments in assessing her RFC.[25] Reviewing the record, the ALJ found that Plaintiff's mental impairments did not require accommodations, as "she attributed her functional loss to physical symptoms and medication side effects, rather than mental disorders."[26] Moreover, Plaintiff's mental impairments of depression and anxiety only required conservative management and minor medication.[27] When seen by a medical provider, Plaintiff "was consistently described as stable with treatment."[28]

Plaintiff also fails to note that step two of the sequential evaluation process is a threshold test: the ALJ need only determine the existence of a severe impairment to proceed to the step three.[29] At step two, the ALJ correctly found that Plaintiff had a severe impairment – morbid obesity and a degenerative disorder of the spine with sciatica – and then proceeded to step three in the sequential

---

[24] *See* ECF No. 15, at 3.
[25] *See* ECF No. 14, at 15.
[26] ECF No. 14, at 16.
[27] *See* ECF No. 14, at 17.
[28] *Id.*
[29] *See Kunselman v. Berryhill*, Civ. No. 3:16-CV-00747, slip op. at *6 (M.D. Pa. June 20, 2017).

evaluation.[30] Plaintiff incorrectly conflates step two with step four, which is when an ALJ determines a plaintiff's RFC.

Unlike in *Plummer v. Apfel*,[31] where the ALJ did not give proper consideration to the claimant's alleged mental impairments, the ALJ here clearly considered Plaintiff's mental impairments and their limitations on her daily activities.[32] Specifically, the ALJ found that Plaintiff's anxiety and depression did not inhibit her from acting as a single parent to her young child, maintaining personal care, completing light household chores, preparing meals, handling money and managing household finances, socializing with others, and using public transportation.[33] Furthermore, the ALJ noted that Plaintiff had not been hospitalized for her depression or anxiety.[34] I, therefore, find that the ALJ properly considered Plaintiff's mental impairments and that the ALJ's decision was based on substantial evidence.

Next, Plaintiff contends that the ALJ improperly accorded "great weight" to Nurse Albright's opinion while according little weight to the opinions of Dr. Malys

---

[30] *See* ECF No. 14, at 15.
[31] *Plummer v. Apfel*, 186 F.3d 422, 433 (3d Cir. 1999) (finding that the ALJ did not properly consider all of the claimant's mental impairments).
[32] *See* ECF No. 14, at 16.
[33] *See id.*
[34] *See Clark v. Social Sec. Admin.*, 33 Fed.Appx. 643, 645-46 (3d Cir. 2002) (finding that claimant's lack of hospitalization for his depression provided further evidence that his depression was not severe).

and Dr. Hutchison.[35] Plaintiff argues that Dr. Hutchison's treatment notes from 2014 contain "numerous clinical and objective findings" and that these notes demonstrate "that her medical conditions have worsened" since Nurse Albright saw her in 2012.[36]

Contrary to Plaintiff's second contention, the ALJ properly accorded little weight to the opinions of Dr. Malys and Dr. Hutchison because their opinions were not supported by objective medical evidence in their respective treatment notes.[37] The ALJ found that Dr. Malys's medical opinion did not support Plaintiff in that Dr. Malys's treatment notes lacked documentation of significant objective deficits from examinations.[38] With respect to Dr. Hutchison's opinion, the ALJ noted that Dr. Hutchison's test results of Plaintiff failed to show anything "remarkable," and that none of the test results were inconsistent with Plaintiff's ability to perform a "'limited' range of light work."[39]

In the final analysis, the ALJ accorded greater weight to the opinion of Nurse Albright, who stated that no reason existed as to why Plaintiff could not work.[40] The ALJ noted that Nurse Albright commented that Plaintiff had held a job

---

[35] ECF No. 15, at 3.
[36] *Id.* at 3-4. Plaintiff points out that Nurse Albright gave her opinion in September 2012 while Dr. Malys offered her opinion in April 2013, and Dr. Hutchison in September 2014.
[37] *See* ECF No. 14, at 19-20.
[38] *Id.*
[39] *Id.* at 20.
[40] *Id.*

on and off for years, and that she was "quite upset" to hear that she was employable.[41]

When, as here, "there is a conflict between the opinions of medical experts, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason, and must give some reason for discounting the evidence [he] rejects."[42] Similar to the ALJ in *Dority v. Comm'r Soc. Sec.*, who accorded no weight to two doctors opinions because they "were not supported by and consistent with the medical records,"[43] here the ALJ accorded little weight to the opinions of Drs. Malys and Hutchison because they were not supported by their treatment notes.[44] While Plaintiff argues that her conditions have worsened since Nurse Albright's opinion was rendered, the ALJ nevertheless did not find anything in the treatment notes of either Dr. Malys or Dr. Hutchison to contradict Nurse Albright's conclusion that Plaintiff could perform a "limited range of light work."[45] Accordingly, substantial evidence exists to support the ALJ in according greater weight to Nurse Albright's opinion as opposed to that of Dr. Malys and Dr. Hutchison.

---

[41] ECF No. 14, at 20.
[42] *Dority v. Comm'r Soc. Sec.*, 621 Fed.Appx. 728, 731 (3d Cir. 2015) (internal quotation marks omitted).
[43] *Id.* at 731.
[44] ECF No. 14, at 20.
[45] *Id.*; *see Dority*, 621 Fed.Appx. at 730 (explaining that the reviewing court "may not re-weigh the evidence or impose [its] own factual determinations).

Lastly, Plaintiff contends that the ALJ improperly concluded she was not credible as to the severity of her limitations.[46] She argues five separate reasons to support this contention.

First, Plaintiff argues that her complaints concerning her pain, contrary to the ALJ's findings, were not inconsistent with the record. Despite Plaintiff's argument here, she points to nothing in the record to buttress her claim that the ALJ incorrectly discredited her testimony regarding her pain. I note that "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence."[47] Without objective medical evidence identifying the intensity of her pain, Plaintiff's pain remains a subjective symptom that cannot be objectively quantified; it calls the credibility of her other claims into question.

Second, Plaintiff argues that Magistrate Judge Saporito failed to consider SSR 96-7p, which she states prohibits an adjudicator from drawing "any inferences about an individual's symptoms from a failure to pursue regular medical treatment without first considering any explanations."[48] Plaintiff argues that the ALJ had a duty to inquire as to Plaintiff's non-compliance with taking her medications before making a determination based on her non-compliance.

---

[46] ECF No. 15, at 4.
[47] *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).
[48] ECF No. 15, at 5.

Plaintiff has neglected to include the full sentence of SSR 96-7p from which she quotes. *In full*, SSR 96-7p requires:

> [T]he adjudicator [not to] draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations *that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek treatment.*[49]

Contrary to Plaintiff's belief that the ALJ should have questioned Plaintiff as to why she failed to consistently take her medications as prescribed, the ALJ, alternatively, could review the record for such an explanation. When a claimant fails to offer a "good reason" as to why she has inconsistently adhered to her prescribed treatments and medication, an ALJ may deem the individual less credible.[50]

As the ALJ found, Plaintiff offers no good reason why she failed to comply with regularly taking her medications. The ALJ did not consider Plaintiff's noncompliance dispositive; rather, the ALJ properly considered such noncompliance as a factor in evaluating Plaintiff's credibility when looking at the record as a whole.

Third, Plaintiff argues that the ALJ improperly considered her daily activities in the privacy of her home and found these activities to be inconsistent

---

[49] SSR 96-7p, 1996 WL 374186, at *7 (June 2, 1996) (emphasis added).
[50] *Id.*; *see Vega v. Comm'r of Soc. Sec.*, 358 Fed.Appx. 372 (3d Cir. 2009).

with her assertion that she cannot perform sustained work activities.[51] Contrary to Plaintiff's contention that the ALJ must only look to activities performed in public, the ALJ properly considered *all* of Plaintiff's daily activities in evaluating her credibility. C.F.R. § 416.929(c)(3)(i) provides that Plaintiff's daily activities are relevant factors to be examined.[52] In his credibility analysis, the ALJ properly weighed Plaintiff acting as a single parent to her young child, managing her personal care, completing light household chores, preparing daily meals, shopping, and using public transportation.[53] Based on the evidence presented, the ALJ found that these activities belied the severity of the limitations that Plaintiff claims.

Fourth, Plaintiff argues that the ALJ failed to consider that her pain medications and muscle relaxers cause drowsiness and nausea.[54] Despite this contention, the ALJ properly found that nothing in the record suggests that Plaintiff's side effects were consistent. The ALJ noted that Plaintiff experiences drowsiness after taking her migraine medication[55] and combats nausea from some of her HIV medications.[56] The ALJ, however, found that none of Plaintiff's treating providers document consistent side effects that would impede Plaintiff's

---

[51] *Id.*
[52] C.F.R. § 416.929(c)(3)(i).
[53] ECF No. 14, at 16.
[54] *Id.*
[55] *See* ECF No. 14, at 5.
[56] *See id.* at 5-6.

ability to perform work.[57] Moreover, the ALJ noted that Nurse Albright had recommended to Plaintiff that she could mitigate these side effects by taking her medications at night.[58]

Lastly, Plaintiff argues that the ALJ did not conduct a proper pain analysis when evaluating her credibility. Given that objective medical evidence did not support her claims, Plaintiff contends the ALJ should have "investage[d] all avenues presented that relate to pain."[59]

Plaintiff's final argument ignores each of the previous four credibility findings by the ALJ. The ALJ properly conducted the two-step process required by 20 C.F.R. § 416.929. In conducting step two, the ALJ fully considered Plaintiff's daily activities; the location, duration frequency, and intensity of her pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication she takes or has taken to alleviate her pain or other symptoms; the treatment she receives for relief of pain or symptoms; and other factors concerning her functional limitations and restrictions due to her pain or other symptoms.[60] Reviewing the ALJ's evaluation of Plaintiff, I find that the

---

[57] *Id.* at 23.
[58] *Id.*
[59] ECF No. 15, at 6.
[60] C.F.R. § 416.929(c)(3)(i)-(vii); *see Keys v. Colvin*, Civ. No. 3:14-CV-191, 2015 WL 1275367, at *17 (M.D. Pa. March 19, 2015).

ALJ properly conducted a full credibility analysis, and that his decision was based on substantial evidence.

III. **CONCLUSION**

For the foregoing reasons, I find that the ALJ's decision to deny Plaintiff social security benefits is supported by substantial evidence. Accordingly, I find no reason to disturb Magistrate Judge Saporito's Report and Recommendation, which shall be adopted in full.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge